The opinion of the Court was delivered by
BjchaRDSON, J,
The amount of debts due by the donor, John Kirk- .¡,-. ley,* at the time of the gift, was proven to be between five and 1 six hundred dollars, to wit:

Ever since the period of the gift, he, the donor, has been embarrassed by old and by new debts. The gift was secretly made, none but his two daughters being present: it was of all his slaves, and to one child out of nine. These facts, and his situation at the time, were, in my judgment, enough to prove the fraud according to the cases adjudged under the statute 13 Eliz. But David Buchan adds, that J. Kirkley once declared to him, that he made the gift to “keep from paying the debt to Rhodes.” I consider that the many decisions under the statute of Elizabeth, clearly establish the position, that where a man owes a sum of money at the time of making a gift to his child, without consideration, and the money is never paid, the presumption of fraud can be rebutted only by showing very abundant property over and above the gift, kept and retained by the donor, for the purpose of paying his debts ; and if, in the ordinary course of events, such property turns out to be inadequate to the discharge of his debts, the presumption of fraud remains, although the property reserved may have been deemed originally adequate to that purpose, if exclusively so applied. In a word, the case must be an exceedingly fair one, not to be deemed fraudulent where a xkjij-i debt due prior to the gift shall have remained *unpaid. Upon this -* point, the law is very strict against debtors who assign property gratuitously.
In the case before us, the badges of fraud were evident, the property remained with the donor, the gift was considerable, and was not made public, and the donor has never been able to pay his old or his new debts. And the chattels retained, consisted of a few cattle, hogs, and horses, which are in their nature very unstable, and not easily traced, and the land was of very uncertain value. Rob. Fraud. Con. 449, 451-2, 520-3, Reaborne v. Teasdale, (2 Bay, 550.) Jacks v. Tunno, (3 Eq. Rep. 1.) Rowland v. Sullivan, (4 do. 518.)
The gift appears to me, therefore, evidently fraudulent, and the motion is granted.
Colcook, Nott, Johnson, and Huger, JJ., concurred.